**John H. GOSS**

v.

**Joseph A. CALIFANO, Jr., Secretary of Health, Education and Welfare.**

**Civ. A. No. 75–0004.**

United States District Court, W. D. Virginia, Abingdon Division.

March 4, 1977.

William H. Robinson, Abingdon, Va., for plaintiff.

E. Montgomery Tucker, Asst. U. S. Atty., Roanoke, Va., for defendant.

OPINION AND JUDGMENT

TURK, Chief Judge.

Plaintiff has filed this action challenging the final decision of the Secretary of Health, Education and Welfare denying his claim for "black lung" benefits under the Federal Coal Mine Health and Safety Act of 1969, as amended, 30 U.S.C. § 901 *et seq.* Jurisdiction is pursuant to § 413(b) of the Act, 30 U.S.C. § 923(b), which incorporates § 205(g) of the Social Security Act, 42 U.S.C. § 405(g). The issues to be decided by this court are whether the Secretary's final decision is supported by "substantial evidence" and, if it is not, whether plaintiff has met his burden of proof as prescribed by and pursuant to the Act.

The plaintiff, John H. Goss, was born on August 31, 1909 and subsequently reached the seventh grade in school. The evidence developed below reveals that plaintiff worked approximately thirty years as a coal mining employee. Mr. Goss left the mines in 1959 and has not worked since that time. Plaintiff was awarded disability insurance benefits, with onset date of June 30, 1965, on the bases of arteriosclerotic heart disease, osteoarthritis, and pulmonary fibrosis. (TR 73). While employed in the mines, Mr. Goss worked primarily as a trackman. All of plaintiff's mining work was in underground operations. Such work involved exposure to great quantities of coal and rock dust. As a result of this exposure, Mr. Goss now alleges that he had developed a breathing impairment of a severity sufficient to entitle him to "black lung" benefits under the Act. Plaintiff has presented various medical reports and testimony in support of his claim for benefits.

This case is before the court for the second time. The court initially remanded the case due to the Secretary's failure to file a timely answer. Subsequently, an Administrative Law Judge reconsidered the evidence and concluded that Mr. Goss was entitled to benefits. However, in an opinion which now stands as the final decision by the Secretary, the Social Security Administration's Appeals Council reversed the Law Judge and denied plaintiff's entitlement. The Appeals Council found that plaintiff was not disabled due to pneumoconiosis, actual or presumed.

Pursuant to statutory authority, the Secretary has prescribed several standards for determining whether a living miner is totally disabled due to pneumoconiosis. The applicable criteria for such a case include: 20 C.F.R. §§ 410.414, 410.416, 410.418, 410.422, 410.424, 410.426, 410.428, and 410.490.

■ The court has carefully reviewed all evidence of record and concluded that there is "substantial evidence" to support the Secretary's finding that plaintiff is not entitled to the presumption of totally disabling pneumoconiosis as provided under 20 C.F.R. § 410.490(b). The roentgenographic (x-ray) evidence is simply too inconclusive for an application of § 410.490(b) which employs a purely objective set of criteria, designed to expedite the processing of claims. See 20 C.F.R. § 410.490(a). However, the court is unable to determine that the Secretary's refusal to invoke the presumption of 20 C.F.R. § 410.414(b) is similarly supported by "substantial evidence." As it relates to claims such as Mr. Goss', § 410.414(b) provides a presumption that a miner is totally disabled due to pneumoconiosis, the statutory requisite for entitlement, if he demonstrates the existence of a totally disabling respiratory or pulmonary impairment. The presumption is applicable notwithstanding the existence of negative x-rays and is available only to miners of fifteen or more years.

■ The court notes that the Secretary failed to adequately apply such a "fifteen year presumption." This court has recently had occasion to review the legislative history of 30 U.S.C. § 921(c)(4) from which 20 C.F.R. § 410.414(b) was derived. See *Tonker v. Mathews,* 412 F.Supp. 823 (W.D.Va., 1976). The court noted in *Tonker* that the "fifteen year presumption" was apparently designed to resolve the difficulties caused by the seemingly endless series of chest x-ray readings and re-readings and the evidential confusion and conflict often resulting therefrom.[1] Properly applied, the "fifteen year presumption" is designed to enhance the totality of the evidence, relating to respiratory defect, in the instance where the purely objective evidence is too inconclusive to be related to the strict standards for pneumoconiosis.[2] However, in the in-

1. S.R. 743, 92d Cong., 2d Session, 2, (1972); U.S.Code Cong. & Admin.News 1972, p. 2305.

2. In amending the "Black Lung Act of 1969", Congress in 1972 confronted the medical uncer-

tainty so prevalent in "black lung" claims as follows:

> The Black Lung Benefits Act of 1972 is intended to be a remedial law—to improve upon the 1969 provisions so that cases which should be compensated, will be compensated.

**6**

stant case, it appears that the Secretary relied on the inconclusiveness of the x-ray reports as the grounds for denial under § 410.414(b). Clearly, such an analysis is unwarranted. *Tonker v. Mathews, supra.*

▆▆▆ The court finds ample evidence demonstrating the existence of a chronic respiratory or pulmonary impairment which was so severe as to be disabling for coal mining employment. As early as December 10, 1965, Dr. E. L. Kirby noted that Mr. Goss "does have some mild pulmonary fibrosis that is symptomatic, and undoubtedly does have some decrease in respiratory reserve." (TR 89). Since lung conditions such as pneumoconiosis and pulmonary fibrosis are characteristically progressive diseases, the court finds Dr. Kirby's early observations to be highly significant. Dr. J. P. Sutherland completed a general medical evaluation on May 4, 1973. By way of history, Dr. Sutherland noted plaintiff's shortness of breath and cough productive of phlegm. Physical examination revealed rales in both lung fields. Rales are a common manifestation of chronic lung dysfunction. Dr. Sutherland diagnosed chronic lung disease and arteriosclerotic heart disease. The doctor opined that the chronic lung disease causes such shortness of breath so as to render Mr. Goss disabled for coal mining employment.[3] In a statement dated July 14, 1975, Dr. Ralph Hess prescribed a bronchodilator for Mr. Goss. Such a prescription obviously indicates that Dr. Hess had found that Mr. Goss was experiencing difficulty in breathing.

The medical record also includes results from several pulmonary function studies. In a ventilatory study report dated April 2, 1973, Dr. George Castillo described Mr. Goss' spirometry as normal. (TR 98). Apparently relying on Dr. Castillo's statement, the Appeals Council also described the study results as indicative of normal spirometry. (TR 9). However, a review of the

testing results reveal that Mr. Goss' MVV was 96.1 L/min. while his $FEV_1$ was 2.8 L. To establish entitlement to the presumption of totally disabling pneumoconiosis under 20 C.F.R. § 410.490(b)(1)(ii), a claimant of Mr. Goss' height need only demonstrate an $FEV_1$ of 2.4 L. with MVV of 96 L/min. Thus, plaintiff's MVV was well below average while $FEV_1$ was only .4 L. above the regulatory standard. Moreover, a second, though undocumented, study of June 19, 1975 produced values well below the criteria of 20 C.F.R. § 410.490(b)(1)(ii). Clearly, the fact that Mr. Goss' earlier results failed to meet the standards of § 410.490(b)(1)(ii) does not preclude his entitlement to benefits under other regulatory sections. See 20 C.F.R. § 410.490(e). Moreover, the reduced values must be considered as relevant to the evaluation of plaintiff's claim under 20 C.F.R. § 410.414. See 20 C.F.R. § 410.-414(c).

Supplementing the medical findings, Mr. Goss' own testimony was strongly indicative of the existence of a lung defect which is productive of significant functional limitations. Furthermore, plaintiff's long career as a coal miner in itself constitutes relevant evidence of exposure which must be considered with and related to the medical evidence of record. *Tonker v. Mathews, supra.* In summary, the court finds that the record as a whole obviously demonstrates the existence of a disabling chronic respiratory impairment.

▆▆▆ By way of brief, the Secretary argues that Mr. Goss has failed to demonstrate the existence of a respiratory impairment which was so severe as to create disability in itself. Clearly, such a showing of primary causation is a requisite for entitlement. 20 C.F.R. § 410.426(a). The Secretary urges that while pulmonary fibrosis may contribute to Mr. Goss' disability, such

---

In the absence of definitive medical conclusions there is a clear need to resolve doubts in favor of disabled miners or his survivors. S.R. No. 743, 92d Cong., 2d Session, 11, (1972); U.S.Code Cong. & Admin.News 1972, p. 2315.

**3.** Congress clearly intended the Secretary to consider such evidence both in regard to the question of existence of the disease as well as to the question of disability. S.R. No. 743, 92d Cong., 2d Session, 19, (1972).

disability arises out of numerous physical impairments, including heart disease. However, there can be no doubt that a miner's burden of proof under the "Black Lung" Act is the demonstration of a respiratory impairment which is disabling notwithstanding the presence of other impairments. It would be absurd to assert that a miner is precluded from establishing entitlement to "black lung" benefits, simply because he suffers from numerous medical impairments. Moreover, in his argument on primary causation, the Secretary makes a fundamental omission. Under the criteria for "black lung" benefits, a claimant must only demonstrate a respiratory impairment of a severity sufficient to disable him for his *former coal mining employment or similar work.* 20 C.F.R. § 410.412(a)(1). The Secretary places great reliance on the circumstance that Mr. Goss was awarded social security disability benefits on the diagnoses of arteriosclerotic heart disease, osteoarthritis, and pulmonary fibrosis. However, such benefits are premised on a showing of disability for *all substantial gainful employment.* The court finds it highly significant that the Secretary has previously determined that pulmonary fibrosis contributed, in 1965, to Mr. Goss' disability for all gainful work. Given all the evidence in this case, including Dr. Sutherland's specific finding of disabling respiratory impairment, it must be concluded that plaintiff's lung condition was so severe as to render him disabled for the very strenuous work of trackman in an underground coal mine.

■ Even if a claimant does demonstrate evidence of lung impairment as described under 20 C.F.R. § 410.414(b)(1), the Secretary may rebut the "fifteen year presumption" of disabling pneumoconiosis by establishing that the miner does not in fact have the disease or that the disease did not arise out of coal mining employment. 20 C.F.R. § 410.414(b)(2). However, the court finds that just as the inconclusiveness of the x-ray evidence is sufficient for a denial under § 410.490(b), the same inconclusiveness precludes the Secretary's rebuttal of the "fifteen year presumption" of § 410.414(b) in that the Secretary cannot establish that the plaintiff does not have pneumoconiosis. Moreover, the court notes that the definition of pneumoconiosis under the Regulations is very broad, especially in the instance where the burden of proof under § 410.414(b) is otherwise met. See .20 C.F.R. § 410.110(*o*)(2). Finally, since Mr. Goss' impairment obviously arose out of his lifelong work in the mines, the presumption cannot be rebutted.

The court's conclusion in this case is further supported by the earlier decision of Administrative Law Judge Ronald T. Osborn. While the court is unable to agree with the determination of the Law Judge as to the conclusiveness of the x-ray evidence, the court finds it very significant that the Law Judge found the evidence sufficient to support an award of benefits. The Law Judge specifically awarded benefits under 20 C.F.R. § 410.490(b)(1)(ii). (TR 18) In order to award benefits under that sub-section, the Law Judge had to find that the evidence of record failed to rebut a presumption of disabling lung impairment. 20 C.F.R. § 410.490(c). The Law Judge made such a finding. (TR 18). Unlike the Appeals Council, the Law Judge had the opportunity to personally observe Mr. Goss. Consequently, the court considers the Law Judge's conclusions as regards plaintiff's physical capacity to be highly relevant.

The Black Lung Act, as amended, was intended to be remedial in nature and liberally construed in application. To deny Mr. Goss' claim for "black lung" benefits would be contrary to the evidence of record and the intent of Congress. The court is constrained to conclude that the Secretary's final decision is not supported by "substantial evidence." Defendants' motion for summary judgment is denied. Upon the finding that plaintiff has met his burden of proof prescribed by and pursuant to the Act, judgment will be entered for plaintiff. Thus, the final decision of the Secretary is

**8**

reversed, and the case remanded for the establishment of proper benefits.